IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK WATTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 4:17-cv-00206 |
| | ) **JURY TRIAL DEMANDED** |
| WELLS FARGO BANK, N.A. | ) |
| and | ) |
| DOES 1-24 | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Patrick Watts, by and through counsel, states as follows:

## INTRODUCTION

**1.** This is an action for statutory and actual damages brought by an individual consumer for violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA"), the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.* ("MMPA"), as well as Missouri common law.

**2.** Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

**3.** This Court has jurisdiction over the TCPA claim under 47 U.S.C. § 227(b)(3). *Mimms v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740 (2012). Venue is appropriate in this District because Defendant conducts business in this District and a substantial portion of Defendant's illicit calls directed to Plaintiff occurred in this District.

**4.** Plaintiff's MMPA claim is subject to this Court's supplemental jurisdiction because those state-law claims are part of the same case or controversy as his TCPA claims

pursuant to 28 U.S.C. § 1367(a) in that all of Plaintiff's claims relate to his allegation that Defendant engaged in unfair, misleading, and abusive collection communications aimed at pressuring to make payments on the alleged loan.

## PARTIES

5. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the TCPA.

6. Defendant Wells Fargo Bank, N.A. ("Defendant") is a national banking association headquartered in San Francisco, California that has assets of around $1.7 trillion dollars and a stock market value of $283 billion as of the close of 2014.

7. Defendant conducts business in the State of Missouri and maintains an office at One North Jefferson Avenue, St. Louis, Missouri 63103-2205 at which it may receive personal service.

8. Defendants DOES 1-24 are principals, agents, owners, and/or entities related to or affiliated with Defendant whose identities are currently unknown to Plaintiff and/or individuals acting on behalf of Defendant. One or more of these entities may be joined as parties once their identities are disclosed in discovery.

## FACTS

9. In the four year period preceding this action, Defendant, its predecessors in interest and/or vendors have made numerous calls to Plaintiff's cellular telephone number, 618-***-6477, in an attempt to collect certain amounts allegedly owed by Plaintiff.

10. The telephone calls were made using a predictive dialer, and in some instances, the calls made on behalf of Defendant left an unattended/pre-recorded voice message.

11. In other telephone calls, Defendant communicated with Plaintiff via "live" collection agents that spoke after a pause.

12. A pause before either a message or speech by a live agent is characteristic of predictive dialer technology where the dialer connects a call to a consumer and then connects an agent to the call.

13. At no time relevant did Plaintiff expressly consent to being called by Defendant in any manner whatsoever, including calls from Defendant to Plaintiff's cellular telephone by way of an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

14. All Defendant's calls were placed to Plaintiff's cellular phone without obtaining his prior consent to do so by way of either an automated telephone dialer system ("ATDS") or a pre-recorded or artificial voice.

15. In fact, Plaintiff has orally advised more than one of Defendant's agents/employees that Plaintiff did not want Defendant to contact him on his cellular telephone number.

16. Defendant is believed to have contacted Plaintiff on his cellular phone at least 3 to 6 times utilizing an autodialer around June 2014 alone, leaving a message on Plaintiff's cell phone for which Plaintiff incurred charges when he listened to them.

17. Upon information and belief, each call Defendant placed to Plaintiff's cellular telephone by using an ATDS and/or by using an artificial or prerecorded voice.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. §  227(b)(1)(A)(i).

19. Plaintiff never provided his cellular telephone number to Defendant and never expressly consented to being contacted by Defendant on his cellular telephone using an ATDS or an artificial or prerecorded voice.

20. Plaintiff has incurred cellular telephone charges due to Defendant's conduct.

**21.** Plaintiff was at his place of employment during the time when he received most, if not all, of Defendant's harassing calls. As a direct consequence of the Defendant's call, business practices, and conduct, Plaintiff suffered from distraction on the job, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**22.** Plaintiff has suffered concrete harm as contemplated by Congress when it passed the TCPA as well as actual damages as a result of the Defendant's unlawful conduct.

**23.** Plaintiff incurred attorneys' fees for advice regarding his situation, including who he should pay any amount to, if anyone, and how Defendant may have obtained his information.

**24.** Plaintiff incurred charges against his cellular phone account for the time expended handling Defendant's harassing calls.

**25.** Plaintiff suffered other harms, including invasions of privacy and violations of his statutory rights, the diminished value and utility of his telephone equipment and telephone subscription services (i.e., the value of such equipment and services is higher when unencumbered by repeated and harassing robocalls), the amounts of time lost answering and fielding the spam calls, the wear and tear on their telephone equipment, and the loss of battery, which becomes diminished with each incoming phone call, and the loss of battery life (which has a finite number of charging cycles).

**26.** As a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I: VIOLATIONS OF THE MMPA TELEMARKETING PROVISIONS

**27.** Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**28.** Plaintiff paid for telephone equipment and telephone services primarily for personal, family, or household purposes.

**29.** Under Mo. Rev. Stat. § 407.1076(3), [i]t is an unlawful telemarketing act or practice for any seller or telemarketer to . . . [c]ause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing.

**30.** Plaintiff is a "consumer" pursuant to Mo. Rev. Stat. § 407.1070(3) because he is a natural person and was solicited to purchase merchandise through telemarketing to the extent that Defendants attempted to service, set up deferments, or other modifications of the loan.

**31.** Defendant initiated telephone calls to Plaintiff as part of a plan or campaign that was conducted to service the prior sale of a loan product and/or to induce the "purchase" of deferments, payments plans, or other modified loan terms.

**32.** Thus, Defendant acted as "telemarketers" engaged in the "telemarketing" of "merchandise" to Plaintiff and the Class pursuant to Mo. Ann. Stat. §§ 407.1070(8), (12), (13).

**33.** Defendant's telemarketing practices constitute "unlawful telemarketing" under the MMPA because they willfully and repeatedly initiated telemarketing calls to Plaintiff.

**34.** A reasonable consumer such as Plaintiff would deem such calls to be annoying, abusive, and harassing.

**35.** Defendant's unlawful telemarketing calls directly and proximately caused to suffer the harm described more fully above.

### COUNT II:  VIOLATION OF THE TCPA

**36.** Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

37. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone.

38. Plaintiff either never provide prior express consent to Defendant to call his cellular telephone number using an automatic telephone dialing system and/or by using a prerecorded or artificial message, or Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone using an automatic telephone dialing system and/or by using a prerecorded or artificial message.

39. Each of the aforementioned calls made by Defendant constitutes at least a negligent, if not an intentional violation of the TCPA, including the provisions of 47 U.S.C. § 227(b)(1)(A)(iii).

40. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an injunction and award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

41. As a result of each of Defendant's knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT III: INVASION OF PRIVACY

43. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

44. The Restatement (Second) of Torts, § 652(b) defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45. Defendants intentionally intruded upon Plaintiff's right to privacy by continualy harassing Plaintiff with numerous calls via artificial voice to his cellular telephone that forced Plaintiff to listen to the artificial voice messaging without a meaningful way to stop Defendant's intrusions.

46. The conduct of Defendant in engaging in the illegal calls made to plaintiff's cellular telephone without his prior express consent or a prior business relationship with him resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

48. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patrick Watts respectfully requests that this Court enter judgment against Defendant Wells Fargo, N.A. and in favor of Plaintiff on all Counts for:

1. Compensatory, punitive, and Such other damages as determined by the jury at trial for Counts I, and III of Plaintiff's Complaint; and

2. Reasonable attorneys' fees expended upon Count I, pursuant to Rev. Mo. Stat. § 407.025.1; and

3. Statutory—up to and including treble damages—and actual damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3), for Count II of Plaintiff's Complaint; and

4. Costs as well as for such other relief as this Court deems just and proper.

DATED:  January 12, 2017					Respectfully Submitted,


							By:	/s/ Nathan D. Sturycz
								Nathan D. Sturycz, #61744MO
								100 N. Main, Suite 11
								Edwardsville, IL  62025
								Phone: 877-314-3223
								Fax: 888-632-6937
								nathan@mainstreet-law.com
								*Attorney for Plaintiff*